**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Robert Tucker, | No. CV-17-03383-PHX-DJH |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Before the Court is Respondents' motion seeking an order prohibiting members of Tucker's legal team from directly contacting the victims in this case and directing that any such contact be initiated through counsel for Respondents. (Doc. 13.) Tucker opposes the motion. (Doc. 30.)

In support of their request, Respondents cite provisions of state and federal law, including A.R.S. § 13–4433(B), which provides that "[t]he defendant, the defendant's attorney or an agent of the defendant shall only initiate contact with the victim through the prosecutor's office," and the Crime Victims' Rights Act (CVRA), which affords state crime victims in federal habeas cases "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8).

. . . .

. . . .

. . . .

Tucker argues that the CVRA cannot be read to incorporate the provisions of § 13–4433(B). (Doc. 30 at 2–4.) He also contends that such an order would impede counsel's ability to investigate his habeas claims and violates their First Amendment rights. (*Id.* at 7–10.)

Courts in this district have consistently granted similar motions regulating victim contact in capital habeas cases. In *Sansing v. Ryan*, No. 11-CV-1035-PHX-SRB (D. Ariz.), Doc. 22, for example, the court ordered the petitioner to obtain consent through the respondents' counsel before contacting a victim. In the event that a victim was contacted and did not consent, the petitioner could seek relief by filing a motion explaining why the contact was necessary. In denying the petitioner's motion for reconsideration of the order, the court explained that its "directive requiring Petitioner to obtain consent from Respondents' counsel to contact victims furthers the rights to dignity and privacy set forth in § 3771(a)(8). It is a reasonable limitation that does not unfairly disadvantage Petitioner." *Id.*, Doc. 29; *see Roseberry v. Ryan*, No. 15-CV-1507-PHX-NVW (D. Ariz.), Doc. 18; C*happell v. Ryan*, No. 15-CV-478-PHX-SPL (D. Ariz.), Doc. 19; *Bearup v. Ryan*, 16-CV-3357-PHX-SPL (D. Ariz.), Doc. 18; *Speer v. Ryan*, No. 16–CV–04193–PHX–GMS (D. Ariz.), Doc. 12; *Pandeli v. Ryan*, No. 17–CV–01657–JJT (D. Ariz.), Doc. 23; *Morris v. Ryan*, No. 17–CV–00926–PHX–DCG (D. Ariz.), Doc. 11.

The Court adopts this reasoning. Whether or not § 13–4433(B) directly applies to these proceedings through the CVRA, the mechanism it establishes furthers the goal of respecting a crime victim's dignity and privacy without unduly burdening the defense team's access to victims or their First Amendment rights. Once contact has been initiated through Respondents' counsel, Tucker's defense team will be free to speak with any victim who agrees to the contact.

Accordingly,

**IT IS ORDERED** granting Respondents' motion for an order precluding contact with victims. (Doc. 13.) No person who is defined as a victim in this matter pursuant to Arizona law shall be contacted by anyone working with or on behalf of Tucker or his counsel unless the victim, through counsel for Respondents, has consented to such

contact. If consent is not provided and Tucker nonetheless believes contact is necessary, he may file a motion with the Court explaining the necessity for such contact.

**Dated** this 8th day of March, 2018.

Honorable Diane J. Humetewa
United States District Judge