**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Robert Tucker, | No. CV-17-03383-PHX-DJH |
| Petitioner, | |
| | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER** |
| Ryan Thornell, et al.,[1] | |
| Respondents. | |

Pending before the Court is Petitioner Eugene Tucker's Unopposed Motion for Stay and Abeyance and for Authorization to Represent Petitioner in State Court. (Doc. 101.) Citing the United States Supreme Court's recent decision in *Cruz v. Arizona*, 598 U.S. ___, 143 S. Ct. 650 (2023), Tucker seeks an order staying and holding in abeyance the current federal habeas proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may present unexhausted Claims 21, 33, and 37(F) in state court. Tucker also asks the Court to authorize the Federal Public Defender for the District of Arizona ("FPD") to represent him in the related state court proceedings.

For the reasons stated in Tucker's motion, the Court finds that the requirements for a stay under *Rhines* have been satisfied with respect to Claim 21. (*See* Doc. 101 at 6–12.) Claim 21, alleging a violation of Tucker's right to a parole ineligibility instruction under *Simmons v. South Carolina*, 512 U.S. 154 (1994), is not plainly meritless because Tucker

---

[1] Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Ryan Thornell, the Director of the Arizona Department of Corrections, Rehabilitation and Reentry, is substituted for the former Director, David Shinn.

was not eligible for parole and the State arguably made his future dangerousness an issue.[2] (*See* Doc. 101 at 8–11.) Appellate counsel's ineffective performance satisfies the requirement that Tucker show good cause for his failure to exhaust the claim. Finally, Tucker has not been intentionally dilatory in seeking a stay given the recency of the *Cruz* decision.

Claims 33 and 37(F) are *Simmons*-related claims of ineffective assistance of trial and appellate counsel, which Tucker also seeks to exhaust in state court. Having granted a stay with respect to Claim 21, it is unnecessary for the Court to determine whether these claims satisfy *Rhines*. "One claim requiring a stay acts as an umbrella for all claims." *Brown v. Smith*, No. 1:19-CV-01796-ADA, 2023 WL 2938295, at *8 (E.D. Cal. Apr. 13, 2023) (quotation omitted); *see, e.g.*, *Pandeli v. Shinn*, No. CV-17-01657-PHX-JJT, 2022 WL 16855196, at *5 n.3 (D. Ariz. Nov. 10, 2022) ("[B]ecause Pandeli has demonstrated that at least one of his claims is not plainly meritless, he is entitled to a stay under *Rhines*.") (citing *Dixon v. Baker*, 847 F.3d  714, 722 (9th Cir. 2017)).

The Court will also grant Tucker's request for the FPD to represent him in pursuing these claims in state court. *See Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009) ("Pursuant to [18 U.S.C.] § 3599(e)'s provision that counsel may represent her client in 'other appropriate motions and procedures,' a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation.").

Accordingly,

---

[2] In *Simmons* the Supreme Court held that when a capital defendant's future dangerousness is at issue and state law prohibits his release on parole, he has a due process right to inform the jury of his parole ineligibility. 512 U.S. at 169. Because Arizona abolished parole for felonies committed after 1993, the only release available to capital defendants convicted after 1993 was executive clemency. *Cruz*, 143 S. Ct. at 655. Nonetheless, the Arizona Supreme Court refused to apply *Simmons* on the grounds that Arizona's sentencing scheme was distinct from the one at issue in *Simmons*. In *Lynch v. Arizona*, 578 U.S. 613, 615 (2016), the Supreme Court rejected this reasoning. Finally in *Cruz*, the Supreme Court, reversing the Arizona Supreme Court, held that *Lynch* represented "a significant change in the law" under Arizona Rule of Criminal Procedure 32.1(g), which permits a defendant to bring a successive post-conviction petition in state court. 143 S. Ct. at 658–59.

1
2
**IT IS ORDERED** that Tucker's motion seeking a stay and abeyance of his federal habeas proceedings (Doc. 101) is **GRANTED**.

3
4
**IT IS FURTHER ORDERED** authorizing the FPD to represent Tucker in state postconviction proceedings.

5
6
7
**IT IS FURTHER ORDERED** directing Tucker to file notice with the Court or move for other appropriate relief within 30 days of the conclusion of the state court proceedings.

8
Dated this 10th day of July, 2023.

9
10
11
12
_____
Honorable Diane J. Humetewa
United States District Judge

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28